IT IS SO ORDERED
*James Ware*
Judge James Ware

In the district court of the U[nited States]
For the district of Northern [California]

Civil Action No. 3:11-CV-02213-JW

Case No:

Adam James Meyer, ADAM JAMES MEYER, Estate; ADAM MEYER TRUST; ADAM JAMES MEYER, Cestui Que Trust;

Counter-Plaintiffs,

v.

THE PEOPLE OF THE STATE OF CALIFORNIA; SUPERIOR COURT, COUNTY OF SAN MATEO; SAN MATEO COUNTY, A MUNICIPAL CORPORATION;
Defendants,

**NOTICE TO COURT OF VOUNTARY DISMISSAL OF DEFENDANTS WITHOUT PREJUDICE AND INTENT TO SEEK REDRESS THROUGH ADMINISTRATIVE CLAIM.**

## PRELIMINARY STATEMENT

Comes now, Adam James Meyer, a living soul resident only in a living being, by special limited appearance, sui generis, in the capacity of authorized representative for counter plaintiffs, giving judicial notice of voluntary dismissal of individual Defendants without prejudice to expedite Counter-Plaintiff's right to be heard.

## THE DISMISSED PARTIES

The individual parties named in the original counter complaint for violations of civil and other protected rights as agents for and working under the official bonds and errors and omissions coverage of the United States Franchisee, County of San

- 2 -

Mateo a municipal corporation are alleged to be operating under such color of authority and official capacity. Such individuals were listed as follows:

1. Defendant, Judge Lisa Novak, is a government actor operating as an administrator and collection agent of tax revenue in violation of public trust duties as appointed.

2. Defendant, Judge Robert D. Foiles, is a government actor operating as a administrator and collection agent of tax revenue in violation of public trust duties as appointed.

3. Defendant, Judge Beth L. Freeman, is a government actor operating as a administrator and collection agent of tax revenue in violation of public trust duties as appointed.

4. Defendant, Judge Joseph E. Bergeron, is a government actor operating as a administrator and collection agent of tax revenue in violation of public trust duties as appointed.

5. Defendant, District Attorney Julia Devereaux Hickman, is a government actor operating as a administrator and collection agent of tax revenue in violation of public trust duties as appointed.

If it is found that such parties are not bonded for performance, covered by errors and omissions insurance or other risk management coverage upon the filing of administrative claim, Counter-Plaintiff reserves the right to amend this action or file a separate action to properly adjudicate all claims from their actions. Failure to have on file the properly required oath of office and public official surety may lead to personal and individual liability yet to be discovered and may be evidence that such public offices are VACANT and all actions originating therefrom DO NOT EXIST. The remaining public entity, operating under color of public authority granted by the people shall shoulder the burden of proof to provide all official requirements by certified copy to this court as part of the Order to Show Cause referenced as though fully incorporated herein.

**VERIFICATION OF STATEMENTS (Pursuant to Rule 11)**

The foregoing statements are true and correct to the best of my knowledge. I believe that I am entitled to the relief requested herein. Executed this 20th day of June, 2011.

Signed: _____
Adam James Meyer, Counter-Plaintiff
Authorized Representative of all Counter-Plaintiffs
A living soul, resident in a living being, sui generis.

The above affirmation was SUBSCRIBED and duly SWORN to before me this 20th day of June, 2011, by Adam James Meyer.

I, _____, am a Notary under license from the State of California whose Commission expires _____, and be it known by my hand and my Seal as follows:

_____
Notary signature

RESPECTFULLY SUBMITTED this 20th day of June, 2011

*See Notary Jurat attached*

_____
Adam James Meyer, Sui generis
Trustee, ADAM MEYER, Trust
Executor, ADAM JAMES MEYER, Estate
Executor, ADAM JAMES MEYER, Cestui Que Trust

- 4 -

# Jurat

State of California

County of San Mateo

Subscribed and sworn to (or affirmed) before me on this 20th day of June, 20 11 by Adam James Meyer,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____ (Notary seal)
Signature

SHEHADEH AREF SHEHADEH
COMM. # 1866677
NOTARY PUBLIC - CALIFORNIA
SAN MATEO COUNTY
My Comm. Exp. Oct. 27, 2013

## OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

_____
(Additional information)

### INSTRUCTIONS FOR COMPLETING THIS FORM

*The wording of all Jurats completed in California after January 1, 2008 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one which does contain proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document

2008 Version CAPA v1.9.07   800-873-9865   www.NotaryClasses.com

Adam James Meyer
c/o 204 East Second Ave. #723
San Mateo, CA 94401

## JUDICIAL NOTICE

All officers of the court for the United States District Court, Northern California are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of **Haines v Kerner, 404 U.S. 519**, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

In re Haines: pro se litigants [Counter-Plaintiff may be considered a pro se litigant even with the declared sui generis status as not BAR member is being used as a translator for the Court] are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re Platsky: court errs if court dismisses the pro se litigant [See above] **without instruction of how pleadings are deficient** and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647

- 1 -